# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| ALICE BROWN,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>ERIC SMITH; SHARON CHAMBERS; TERESE BRYERS; MICHAEL DECKER; and JOHN DOES 1-10,<br><br>　　　　　　　Defendants. | CASE NO. 08-CV-1454-H (AJB)<br><br>ORDER:<br><br>(1) DISMISSING COMPLAINT WITH LEAVE TO AMEND; AND<br><br>(2) DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS |
|---|---|

Plaintiff, proceeding pro se, brought this action on August 8, 2008, along with a motion to proceed in forma pauperis ("IFP"). (Doc. Nos. 1-2.) For the reasons set forth below, the Court dismisses the complaint with leave to amend. The Court also denies the motion to proceed IFP without prejudice.

## **Background**

Plaintiff alleges that her biological daughter was seized from her in Alaska, though later returned, on or around March 22, 2002, and on May 1, 2002. She also alleges that her daughter was seized from her in Hawaii on February 1, 2003. According to the complaint, Plaintiff's daughter was adopted, terminating her parental rights, on August 8, 2008. Though Plaintiff uses the term kidnapping, it appears from

1  the facts alleged that this action is in the nature of a custody dispute.

2  The adopting party is not identified. Plaintiff alleges that defendants Smith, Chambers, and Bryers are citizens of Alaska. She does not make an allegation regarding defendant Decker's citizenship, though the certificate of service indicates an Alaska address for Decker. Plaintiff is a citizen of California.

Plaintiff characterizes this as a Bivens action, alleging that defendants violated her due process rights. She asserts that defendants "are all merely employees with ministerial duties" and that "all of the Defendants are bound by cooperative agreements for money to perform certain functions with the money being rewards from the Federal Government." She states that "none of the Defendants are public Officers of any of the several States."

## Discussion

### I.   Sua Sponte Screening of Bivens Action

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss an IFP complaint sua sponte if the complaint is frivolous, malicious, or fails to state a claim. Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). "[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (discussing similar provision of 28 U.S.C. § 1915A); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal of a claim either where the claim lacks a cognizable legal theory, or where plaintiff has not alleged facts sufficient to support the claim. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S.Ct. 1955, 1965 (2007).

1   In <u>Bivens</u>, the Supreme Court held that a violation of a the Fourth Amendment by those acting under color of federal law may give rise to an action for damages against those individuals. <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). Courts have extended <u>Bivens</u> to other constitutional violations. <u>E.g.</u> <u>Pelletier v. Federal Home Loan Bank of San Francisco</u>, 968 F.2d 865 (9th Cir. 1992) (examining <u>Bivens</u> claim involving due process liberty interest in employment). Regardless of the right involved, a <u>Bivens</u> claim requires that the accused was a federal officer acting under color of federal law. <u>See</u> <u>Cox v. Hellerstein</u>, 685 F.2d 1098, 1099 (9th Cir. 1982) (concluding that there was no <u>Bivens</u> action against public defender for allegedly ineffective representation since the public defender did not act under color of federal law).

   Plaintiff's complaint does not indicate that the defendants were acting under color of federal law. She provides only conclusory assertions that defendants received some type of compensation from the federal government and were "employees with ministerial duties."[1] Furthermore, the complaint does not state who performed the alleged acts, or under what authority they acted. Additionally, Plaintiff makes only conclusory statements that her daughter was seized more than five years ago and that this seizure was improper. There is no description of the circumstances involved. The Court concludes that the complaint fails to state a cause of action.

   The Court also notes that, based on the allegations, the Southern District of California appears to be an improper venue for this case. The Court may raise the issue of venue sua sponte when the defendant has not yet responded and the time for doing so has not yet run. <u>Costlow v. Weeks</u>, 790 F.2d 1486, 1488 (9th Cir. 1986). A civil case not based solely on diversity of citizenship "may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of

---

[1] 42 U.S.C. § 1983 provides a similar type of claim for those acting under color of state law. Plaintiff alleges, however, that none of the defendants are state officers.

the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b). Plaintiff asserts federal question jurisdiction, 28 U.S.C. § 1331. Since the alleged seizures took place in Hawaii and Alaska, and all defendants are located in Alaska, it appears that venue is not proper here, though it may be proper in Alaska or Hawaii.[2]

**II.    Motion to Proceed IFP and Leave to Amend**

Because the Court has dismissed the complaint on its initial screening, the Court denies the motion to proceed IFP without prejudice. The Court will provide an opportunity to amend the complaint. Plaintiff may submit a new motion to proceed IFP when submitting her amended complaint.

### Conclusion

The Court dismisses the complaint with leave to amend. Plaintiff may submit an amended complaint consistent with this order within **30 days** of the date this order is filed. The Court denies the motion to proceed IFP without prejudice.

IT IS SO ORDERED.

DATED: August 25, 2008

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.

---

[2] Diversity may exist here, but even if jurisdiction were based solely on diversity of citizenship, venue would be proper "only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). Under this standard, it also appears that Alaska or Hawaii, but not Southern California, would provide the proper federal venue for the current allegations.